## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

ALBERT PULIDO,

      Petitioner,

v.                                            Civ. No. 15-838 JCH/GJF

JAMES MULHERON, Acting Warden,

      Respondent.

### PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on Petitioner's "Petition for Writ of Habeas Corpus" ("Petition"), filed on September 21, 2015.  ECF No. 1.  Having reviewed the pleadings and extant case law, the undersigned recommends that the presiding judge find the Petition to be time-barred.  Further, because the Petition is time-barred, the undersigned recommends that it be dimisssed with prejudice.[1]

## I.      FACTUAL AND PROCEDURAL BACKGROUND

On October 22, 2009, Petitioner pleaded guilty to various criminal offenses, including, *inter alia*, three counts of receiving or transferring a stolen vehicle, two counts of residential burglary, possession of a controlled substance, and child abuse in Bernalillo County cause numbers CR-2008-6329, CR-2009-839, CR-2009-1310, CR-2009-1407, CR-2009-1690, and CR-2009-3733.  Answer 1, ECF No. 7.  In exchange for his plea and pursuant to a plea agreement, the State dismissed nine other charges against Petitioner and agreed to reduced sentencing ranges.  *See id*., Ex. A at 7; Ex. B at 3.  As part of the plea agreement, the State also agreed to a term of parole of two years and "a period of supervised release," while notifying

---

[1] Because the controlling issue in the Petition is susceptible to resolution based upon the materials already before the Court, an evidentiary hearing is unnecessary.  *See Anderson v. Attorney Gen. of Kan*., 425 F.3d 853, 858-59 (10th Cir. 2005) (noting that evidentiary hearing not required where record is sufficient to rule).

Petitioner that "if [he] later violates his probation or parole, he may be incarcerated for the balance of his sentence."  *See id*., Ex. B at 3.  On the same day that Petitioner entered his plea, District Judge Jacqueline Flores sentenced Petitioner to ten years' incarceration, with five years suspended.  *Id.*, Ex. A at 5; Ex. D at 6; Ex. E at 6.

Petitioner completed his period of incarceration and began serving his probation on April 18, 2013.  *Id.*, Ex. F at 2.  On April 22, 2013, Petitioner failed to report to his probation officer and was declared in violation of his conditions.  *Id.*  On July 25, 2013, the State moved to revoke Petitioner's probation and remand him to the custody of the New Mexico Corrections Department.  *Id.*, Ex. F at 1.

On August 7, 2013, District Judge Angela Jewell held a revocation hearing on Petitioner's alleged violations.  *Id.*, Ex. G at 1.  At the hearing, Petitioner admitted to having violated the terms of his probation.  *Id.*  Having heard his testimony, the court found that Petitioner "violated the terms of probation," and as a consequence, "unsatisfactorily discharged [Petitioner] from probation."  *Id.*, Ex. G at 1-2.  Ultimately, Judge Jewell sentenced Petitioner to a term of 1,349 days incarceration.  *Id.*, Ex. G at 2.

Petitioner took *no action* in state court prior to the filing of the instant Petition on September 21, 2015.  ECF No. 1.  Respondent filed his Answer on November 4, 2015.  ECF No. 7.  Respondent argues that the Petition should be dismissed because it is time-barred and because Petitioner failed to even attempt to pursue and exhaust state court remedies.  Answer 4-9. Because a time bar would control the disposition of this case, this Court ordered Petitioner to file a reply on the issue – and to any other issue raised in the Answer – by no later than April 22, 2016.  ECF No. 11.  Despite the passage of an additional six weeks beyond that deadline, Petitioner has failed to reply.

2

## II.    ANALYSIS

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended federal habeas corpus procedures by adding a one-year limitation period for § 2254 petitions.  *Pliler v. Ford*, 542 U.S. 225, 230 (2004).  The AEDPA became effective on April 24, 1996.  *Rogers v. Gibson*, 173 F.3d 1278, 1282 n.1 (10th Cir. 1999).  Petitioner was convicted and sentenced after this date, and his federal habeas petition is therefore subject to the AEDPA's one-year limitation period.

Title 28, United States Code, Section 2244(d)(1)(A) provides that the one-year limitation period begins to run from the date on which the judgment of conviction becomes final "by the conclusion of direct review or the expiration of the time for seeking such review."  *Gonzalez v. Thaler*, 132 S. Ct. 641, 653–54 (2012) (where state prisoner does not seek review in a state's highest court, the judgment becomes "final" for purposes of § 2244(d)(1)(A) on the date that the time for seeking review expires).

The AEDPA one-year limitation period is subject to tolling as set forth in 28 U.S.C. § 2244(d)(2), which provides: "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."  The United States Court of Appeals for the Tenth Circuit has determined that the pendency of a state post-conviction application "encompass[es] all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies."  *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999).  "[R]egardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law."  *Serrano v. Williams*, 383 F.3d 1181, 1184 (10th Cir. 2004) (alteration in original) (internal quotation marks omitted).

However, tolling merely pauses the clock; it does not restart anew the limitations period after it has passed. *Fisher v. Gibson*, 262 F.3d 1135, 1142–43 (10th Cir. 2001). Thus, once the limitations period has expired, a collateral action cannot revive it. *Id.*

Rule 12-201(A)(2) of the New Mexico Rules of Appellate Procedure provides that parties must file an appeal within thirty (30) days of a state district court's judgment. *Gutierrez v. King*, 426 F. App'x 671, 672 (10th Cir. 2011) (unpublished). Thus, Petitioner's judgment became final on Monday, September 9, 2013, the next business day following thirty (30) days after entry of the Judgment and Sentence on August 8, 2013. *See* Rule 1-006(A) NMRA. He then had one year, or until September 9, 2014, in which to file his federal habeas petition, subject to tolling. He did not file the instant petition, however, until September 21, *2015*, more than a year after the statutory period in which to do so had expired.

And, although given substantial time to attempt to justify why the Petition should not be dismissed as time-barred, Petitioner has failed to do so. The record is completely devoid of any evidence that would support the lawful and proper application of equitable tolling.

Having found and concluded that the Petition is time-barred, I do not address Respondent's other arguments.

### III.    RECOMMENDED DISPOSITION

The undersigned recommends that Petitioner Albert Pulido's "Petition for Writ of Habeas Corpus" [ECF No. 1] be **DENIED** as time-barred and that this action be **DISMISSED WITH PREJUDICE.**

**IT IS SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**